IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHERY SPENCE, | ) | |
|     Petitioner, | ) | Civil Action No. 3: 18-cv-0196 |
| | ) | |
|     v. | ) | |
| UNITED STATES OF AMERICA and | ) | Chief United States Magistrate Judge |
| WARDEN, FCI LORETTO, | ) | Cynthia Reed Eddy |
| | ) | |
|     Respondents. | ) | |

**MEMORANDUM OPINION[1]**

Before the Court is the *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Zachery Spence ("Spence" or "Petitioner"). Spence is a prisoner in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Loretto, Pennsylvania. For the reasons that follow, the Petition will be denied.

**Relevant and Procedural Background**

In his petition for writ of habeas corpus (ECF No. 3), Spence contends that the Bureau of Prisons (the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, *United States v. Wilson*, 503 U.S. 329, 331 (1992), erred in computing his federal sentence.

The record evidence, which Spence does not dispute, reflects the following. On August 24, 2001, Spence was sentenced in a New Jersey state court to a three year term of confinement for a fraud scheme occurring in Atlantic City, New Jersey. On October 24, 2002, while he was serving his state court sentence at a New Jersey correctional facility, a federal grand jury sitting

---

[1] In accordance with the provisions of 28 US.C. § 636(c)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of a final judgment. (ECF Nos. 7 and 14).

1

in the United States District Court for the Eastern District of Pennsylvania, returned a Third Superseding Indictment, which charged Spence with conspiracy to distribute 50 grams or more of cocaine base ("crack") and 5 kilograms or more of cocaine (Count One), in violation of 21 U.S.C. § 846, and seven counts of using a telephone to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b) (Counts 64-68, 70, and 71). The federal court issued a writ of habeas corpus *ad prosequendum*, and Spence made his initial appearance in federal court on December 12, 2002. *See* Criminal Docket for Case: 02-cr-00172-25, United States District Court, Eastern District of Pennsylvania. Spence was ordered detained in federal custody pending trial and was transferred into federal custody.

On August 27, 2003, as he awaited trial in federal court, Spence's state court sentence concluded.

On May 3, 2004, Spence pled guilty, without a plea agreement, to the eight counts of the federal indictment under which he was charged. On August 4, 2004, he was sentenced to a term of imprisonment of 240 months, the statutory mandatory minimum penalty, ten years of supervised release, a $2,500 fine, and an $800 special assessment.[2] In the Judgment and Commitment order, the federal court made the recommendation that "[t]he defendant shall receive credit for time served since December 12, 2002." (ECF No. 9-5 at 17).

Spence appealed his judgment to the Court of Appeals for the Third Circuit, which affirmed the judgment entered August 4, 2004. He then filed *pro se* on December 7, 2006, a Motion to Vacate in the district court pursuant to 28 U.S.C. § 2255, alleging that "his counsel was

---

[2] The sentencing hearing transcript reflects that the district court calculated Spence's total offense level at 30 and Criminal History Category VI, for a Guideline imprisonment range of 168-210 months, which was "trumped by the mandatory minimum" of 20 years. Sentencing Tr. at 9

2

ineffective because he failed to argue that, under U.S.S.G. § 5G1.3, the Court had the discretion to make Spence's mandatory minimum sentence concurrent with his already served sentence in New Jersey on unrelated fraud charges." *See United States v. Spence*, No. 2:02-cr-00172-25, Order, 4/4/07 (E.D.Pa.) (ECF No. 2019). At issue were the approximately fourteen months between August, 2001 and October, 2002, when Spence was placed in federal custody. The sentencing court denied Spence's motion on April 4, 2007. Spence did not appeal the denial of his § 2255 motion.

Spence now brings the instant § 2241 petition, requesting that "this Court [] adjust/downward depart on his federal sentence by reducing his federal term of imprisonment by 21 months in order to correlate with the time credit by the District Court (December 12, 2002 until August 4, 2004) . . . ." Pet. at 5 (ECF No. 1).[3] A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

In its Answer (ECF No. 9), Respondent explains the BOP's calculation of Spence's federal sentence. According to the Declaration of Forest Kelly, Correctional Program Specialist for the BOP, Spence was in the primary custody of the State of New Jersey from December 12, 2002, through August 27, 2003, and that period was credited against his state sentence, thereby precluding the BOP from applying it to his federal sentence. Spence was given prior credit for time spent in official detention from August 28, 2003 (the date after he was released from primary state custody) through August 3, 2004 (the date before his federal sentence commenced). Based on this calculation, Spence is currently scheduled to be released from BOP custody, via good conduct

---

(ECF No. 1-3).

time release, on March 28, 2021. (ECF No. 9-4). In his Reply, Spence argues:

> [T]he District Court wanted to give Petitioner Spence a time credit back to December 12, 2002. Since the BOP can't provide Petitioner Spence a time credit from December 12, 2002 until August 17 (sic), 2003, the District Court has the jurisdiction and authority to provide Petitioner Spence a "variance"[4] in which the Court could reduce Petitioner Spence's sentence from 240 months to 232 months in order to achieve the sentence that the Court ordered at sentencing in August of 2004. *See United States v. Dorsey,* 166 F.3d 558 (3d Cir. 1999); *United States v. Keifer*, 20 F.3d 874 (8th Cir. 1994); *United States v. Drake*, 49 F.3d 1438 (9th Cir. 1995).[5]

Reply at 4 (ECF No. 10).

**Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Cardona v. Bledsoe,* 681 F.3d 533, 535 (3d Cir. 2012) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *McGee v. Martinez,* 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. *See, e.g., Barden v. Keohane,* 921 F.2d 476, 478-79 (3d Cir. 1990). Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241.

---

[3] Respondent acknowledges that Spence has exhausted all available administrative remedies.
[4] "A 'departure' is typically a change from the final sentencing range computed by examining the provisions of the Guidelines themselves. It is frequently triggered by a prosecution request to reward cooperation . . . or by other factors that take the case 'outside the heartland' contemplated by the Sentencing Commission when it drafted the Guidelines for a typical offense. A 'variance,' by contract, occurs when a judge imposes a sentence above or below the otherwise properly calculated final sentencing range bases on application of the other statutory factors in 18 U.S.C. § 3553(a)." *United States v. Mancuso,* 185 F. Supp.3d 502, 504 (M.D.Pa. 2015) (citations omitted).

4

**Discussion**

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329 (1992). Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides as follows:

> Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> That has not been credited against another sentence.

(emphasis added). The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. *Wilson*, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. *Rios v. Wiley,* 201 F.3d 257, 272 (3d Cir. 2001); *Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007).

The BOP has determined, and it not disputed, that Spence is entitled to prior custody credit for time served in official detention from August 28, 2003, through August 3, 2004, which is the time he spent in official detention after he was released from primary state custody through the date before his federal sentence commenced.

Spence requests that he be awarded additional prior custody credit for the approximately

---

5     Each of these cases was decided on direct appeal, not on federal habeas review.

eight month time period from December 12, 2002 until August 27, 2003. Because Spence was in the primary custody of the State of New Jersey during this time, this period was credited against his state sentence. Federal law precludes the BOP from applying it to Spence's federal court sentence. And while it appears the sentencing court wanted to give Spence credit back to December 12, 2002, it had no authority to do so. At the time Spence was sentenced in federal court, his state sentence had already been discharged. Thus, the federal court could only give Spence credit back to August 28, 2003, the date after his state court sentence concluded and he came into primary federal custody.[6] Thus, the Court finds that the BOP is statutorily precluded from awarding Spence prior custody credit for any time served between December 12, 2002, and August 27, 2003. Accordingly, the Court finds that Spence has been given all credit due against his federal sentence, and his federal sentence has been computed properly. It cannot be said that the BOP abused its discretion in any way.

Moreover, it is not within the jurisdiction of a federal habeas court to adjust or apply a variance to a federal sentence. Specifically, Spence requests that his sentence be reduced by 8 months - from 240 months imprisonment to 232 months imprisonment. However, even if this were not the case, it does not appear that Spence would be entitled to a variance below the statutory mandatory minimum term of 240 months imprisonment.

## Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253) (as amended) codified standards governing the issuance of certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial

---

[6] Program Statement 5880.28, states in relevant part: "Should the Judgment and Commitment order make a recommendation that a period of time credit be awarded to the sentence that is not authorized, the recommendation may be treated as surplusage and the credit will not be allowed."

of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-54 (3d Cir. 2000) (en banc), abrogated on other grounds by *Gonzalez v. Thaler*, -- U.S. --, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).

**Conclusion**

For all of the above reasons, the petition for writ of habeas corpus will be denied.


        /s Cynthia Reed Eddy
        Cynthia Reed Eddy
        Chief United States Magistrate Judge

Dated: May 14, 2019

cc:    ZACHERY SPENCE
       34977-066
       LORETTO
       FEDERAL CORRECTIONAL INSTITUTION
       Inmate Mail/Parcels
       P.O. BOX 1000
       LORETTO, PA 15940
       (via U.S. First Class Mail)

       Adam Fischer
       United States Attorney's Office
       (via ECF electronic notification)